UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

STEVEN EDWARD RIDDLE                                                                              PLAINTIFF

V.                                                                              CIVIL ACTION NO. 3:13-cv-328-FKB

BRYAN BAILEY, ET AL.                                                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Motions for Summary Judgment filed by Defendants Collum, Minor, and Reddix [73], and Defendants Bailey, Blaine, Craig, and Hall [75], as well as a Motion to Compel [70], a Motion to Clarify [71] and a Motion for Stay of Summary Judgment Pending Further Discovery [78], all filed by Plaintiff.  Having considered the parties' filings in this matter, the Court concludes that Defendants' motions are well-taken, should be, and are hereby, granted.  Plaintiff's motions are hereby denied.

INTRODUCTION

Plaintiff, who is proceeding *pro se* in this Section 1983 case, alleges a number of violations of his civil rights. [1] Specifically, Riddle alleges that excessive force was used against him during his booking at the Rankin County jail, that he was denied a phone call, and that he was subsequently denied adequate medical treatment, an adequate grievance procedure and access to courts.  All seven defendants[1] have moved for summary judgment for a variety of

---

[1] By previous Order, this Court dismissed an additional defendant, Dr. Carl Reddix. [46]

1

reasons, including failure to exhaust administrative remedies.[2]  All parties consented to the undersigned considering this case in its entirety. [48]

## SUMMARY JUDGMENT STANDARD

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

## EXHAUSTION

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008)(stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement).  In *Booth v. Churner*, 532 U.S. 731, 741 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the Prison Litigation Reform Act of 1995 ("PLRA"), requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures.  *Booth*, 532 U.S. at 741.  The United States Supreme Court has reiterated this position, holding that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life. *See Porter v. Nussle*, 534 U.S. 516 (2002); *see also Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010).

---

[2]Defendants Collum, Minor and Reddix raised failure to exhaust administrative remedies in their answers though not in their motions for summary judgment.  Defendants Bailey, Blaine, Craig and Hall moved for summary judgment on the basis of failure to exhaust.

Plaintiff testified that he was aware of the Rankin County Detention Facility's grievance procedure, and that he had fully complied with it, yet he filed this lawsuit on May 30, 2013,[3] before his grievance hearing was held on June 5, 2013. [1, 75-4] Plaintiff indicates that exhibits to his complaint [1] include first and second step responses to his grievance, but no exhibits are attached.  Exhibits attached to Plaintiff's Second Amended Complaint [10-1] reflect that Plaintiff did appeal the first step denial of his grievance, but do not include the response, presumably because Plaintiff received it after he filed suit.  The Court cannot conclude that Plaintiff fully pursued his administrative remedies before he filed suit, though he may have exhausted at this juncture.  Exhaustion after suit has been filed is not sufficient.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  The Court therefore concludes that Plaintiff's complaint should be dismissed without prejudice for failure to exhaust.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint is dismissed without prejudice.

SO ORDERED, this the 16th day of May, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[3] A *pro se* prisoner's complaint is considered filed when delivered to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006).  Plaintiff did not date the instant complaint.  Therefore, the Court has used the date it was actually filed, since the exact date is not crucial to resolving the pending motions.